IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 16-258-1 |
| v. : | |
| TYREE MANSELL : | |

**McHUGH, J.**                                                                                            **April 10, 2024**

## MEMORANDUM

This is a pro se motion pursuant to 28 U.S.C. § 2255 which has been held in abeyance pending further development of the law in the Third Circuit after the Supreme Court's opinion in *United States v. Taylor*, 596 U.S. 845 (2022). Following the issuance of the Third Circuit's decision in *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023), this case is now ripe for resolution. For the reasons that follow, the motion will be denied without a hearing.[1]

### I.   Relevant Background

In August 2016, Petitioner Tyree Mansell was indicted for several robberies in the Philadelphia area between April and June 2015. In July 2017, he was found guilty on multiple counts of Hobbs Act robbery, including conspiracy to commit Hobbs Act robbery (Count One) and actual or attempted Hobbs Act robbery (Counts Two, Four, Six, and Eight), in violation of 18 U.S.C. § 1951; and brandishing a firearm in furtherance of a crime of violence, in violation of 18

---

[1] The decision whether to hold an evidentiary hearing on a § 2255 motion lies within the discretion of the district court. *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989); *United States v. Creamer*, No. 12-975, 2012 WL 3641351, *3 (E.D. Pa. Aug. 24, 2012). No hearing is necessary if the motion, the files, and the records of the case conclusively show that the prisoner is not entitled to relief. 28 U.S.C. § 2255(b); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301-02 (3d Cir. 1991). Such is the case here. Nor do I see a basis to appoint counsel pursuant to 18 U.S.C. § 3006A(a)(2). The central legal issue is well-defined, and the evidence is strong enough that the interest of justice does not require the appointment of counsel.

U.S.C. § 924(c) (Count Nine).[2] The Hobbs Act robbery in Count Eight served as a predicate crime of violence for conviction under § 924(c) in Count Nine. On December 1, 2017, Chief Judge Tucker sentenced Mr. Mansell to a term of imprisonment for 444 months.

On May 29, 2020, Mr. Mansell filed a pro se motion for relief under 28 U.S.C. § 2255, presenting numerous claims to challenge his convictions. ECF 197. Over the next four years, Mr. Mansell's § 2255 motion was repeatedly amended, supplementally briefed and re-briefed, and stayed to allow case law to develop. In June 2020, the Federal Community Defender Office petitioned to represent Mr. Mansell solely on his challenge to Count Nine under § 924(c) after the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019).[3] ECF 200. In *Davis*, the Court found the residual clause defining a "crime of violence" – § 924(c)(3)(A) – was unconstitutionally vague.

In January 2021, the government responded to both Mr. Mansell's pro se motion and the Federal Defender's amended motion, requesting that the Court stay the matter until the resolution of *United States v. Walker*, 990 F.3d 316 (3d Cir. 2021), *judgment vacated*, 142 S. Ct. 2858 (2022). ECF 209. After the decision in *Walker*, the Court issued an Order in July 2021 denying the supplemental motion filed by the Federal Defender's Office because, at that time, Hobbs Act robbery and its attempts constituted crimes of violence that could predicate a § 924(c) conviction. ECF 212 at n.i.

---

[2] Mr. Mansell was found not guilty of three other counts of using and carrying a firearm during a crime of violence (Counts Three, Five, and Seven).

[3] Six days after petitioning to represent Mr. Mansell on the *Davis* issue, the Federal Community Defender Office filed a motion to supplement his § 2255 motion to include briefing on this issue. ECF 201. The Court granted the Federal Community Defender's motion to represent Mr. Mansell on this limited issue in August 2020. ECF 203.

At this point, the limited issue on which the Federal Defender's Office represented Mr. Mansell had been resolved, so it withdrew from the case and Mr. Mansell proceeded on his other § 2255 claims pro se. ECF 214. The government replied to Mr. Mansell's remaining claims on November 4, 2021. ECF 219. A month later, Mr. Mansell requested the Court stay any decision on his motion until after the then-pending Supreme Court case, *United States v. Taylor*, 596 U.S. 845 (2022). ECF 222. On August 8, 2022, the Court directed the parties to file supplemental briefs addressing the impact of *Taylor* on the § 924(c) charge. ECF 237. The case was reassigned to my docket on August 16, 2022. ECF 238. On September 9, 2022, following the supplemental briefings, I stayed Mr. Mansell's § 2255 motion to await further developments in the Third Circuit concerning whether *completed* Hobbs Act robbery could be a predicate crime of violence for a § 924(c) conviction. ECF 243.

Mr. Mansell then filed a pro se motion requesting permission to amend his pending § 2255 motion (ECF 254), which the government replied to (ECF 255). As the Government points out in its reply, although Mr. Mansell requests permission to "amend" his § 2255 motion, no such amendment is required since he previously presented the arguments in his most recent submission.

II. **Discussion**

A. **Neither *Taylor* nor *Stoney* Impact Petitioner's Convictions**

As a preliminary matter, although Mr. Mansell attempts to challenge all his convictions, *Taylor* did not change the substantive law of Hobbs Act robbery.[4] It addressed the limited issue of whether an *attempted* Hobbs Act robbery could qualify as a predicate crime of violence for a charge under § 924(c). *Taylor*, 596 U.S. at 851. Furthermore, although Mr. Mansell was charged with multiple violations of § 924(c), he was only convicted of one – Count Nine of the Indictment.

---

[4] For example, he contends that his conviction under Count 1 for conspiracy to commit Hobbs Act robbery must be vacated under *Davis,* an argument patently lacking in merit. *See infra* note 5.

3

The sole question before me is whether there was a legally sufficient predicate offense for this conviction. Since *Taylor*, the Third Circuit has clarified that a *completed* Hobbs Act robbery can serve as a predicate crime of violence in violation of § 924(c). *Stoney*, 62 F.4th at 112.[5]

Petitioner argues that the instructions to the jury at his trial can be construed to have allowed a conviction for attempted or completed Hobbs Act robbery, creating ambiguity as to whether he committed a predicate crime of violence sufficient for a conviction in Count Nine. When a jury is given a valid jury instruction and an invalid instruction, the factual record may establish whether there was a completed Hobbs Act robbery and thus a crime of violence. *See Stoney*, 62 F.4th at 112 & n.3 (joining other Circuits that look to the factual record to determine "whether the predicate crime of violence is completed or attempted Hobbs Act robbery" when it is otherwise ambiguous). Therefore, to succeed in overturning his conviction Mr. Mansell has the burden of demonstrating "actual prejudice" as a result of this error. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). "Where there is a clear alternative theory of guilt, supported by overwhelming evidence, a defendant likely cannot show that an instruction permitting the jury to convict on an improper basis was not harmless error." *United States v. Andrews*, 681 F.3d 509, 521 (3d Cir. 2012).

The evidence here is overwhelming both factually and legally that he completed, not attempted, the robbery. *See generally*, Trial Trs., ECF 185 – 190. The testimony at his trial was that on June 15, 2015, Mr. Mansell and three others forced their way into a local tavern owner's home at gunpoint when the owner's wife and 16-year-old son were home. When the son screamed,

---

[5] Mr. Mansell challenges the validity of the charges against him for Counts Three, Five, and Seven, but the jury found him not guilty of these charges, so they are irrelevant. He also argues that his conviction in Count One for conspiracy to commit Hobbs Act robbery should be vacated under *United States v. Davis*, 139 S. Ct. 2319 (2019). But his conviction in Count One is not used as a predicate crime of violence for a § 924(c) conviction, so *Davis* is inapplicable.

Mansell's co-defendant hit him in the head with a pistol, causing bleeding. They ransacked the primary bedroom and forced the owner's wife to open the family safe. They stole approximately $60,000 in cash and forced the boy and his mother to lie on their stomachs, tying their hands and feet together, before fleeing. Mansell's co-defendants were caught shortly after the police chased their car, but Mansell escaped and was detained two weeks later in North Carolina. This is undeniably a completed, not attempted, Hobbs Act robbery.[6] As such, the harmless error rule applies, and I will uphold Mr. Mansell's conviction.[7]

### B. Petitioner's Ineffective Assistance of Counsel Claims are Without Merit

Petitioner raises multiple claims related to ineffective assistance of counsel in his various filings related to this motion. Although each claim is not clear, Mr. Mansell seems to argue that his trial counsel was ineffective for losing a disk produced in discovery, failing to ask for Black jurors during the venire, not seeking suppression of cell site location information showing his proximity during the robberies, and failing to foresee *Taylor* and *Davis*.[8] None of these claims appear to have merit in the record. But regardless of their merit, to satisfy the ineffective assistance of counsel standard under *Strickland v. Washington*, Mr. Mansell must also demonstrate prejudice

---

[6] Mr. Mansell also contends that his Guidelines were improperly calculated, but there is no merit to that argument. He further argues that acquitted conduct was impermissibly included, but that argument was rejected in his direct appeal and cannot be re-litigated here.

[7] Petitioner makes a related argument that the jury instructions were "categorically overbroad" by instructing on "fear" as an element of Hobbs Act robbery, which in turn expanded the elements of a predicate crime of violence required for a § 924(c) conviction, citing *United States v. Louis*, No. 21-CR-20252, 2023 WL 2240544 (S.D. Fla. Feb. 27, 2023) (appeal pending). But the harmless error rule still applies for the reasons discussed above, and the evidence at trial overwhelmingly establishes a completed crime of violence sufficient to convict under § 924(c).

[8] Mr. Mansell, in his most recent filing, argues that he "is not positing the defense counsel . . . was ineffective due to future substantive findings by the Supreme Court in Davis (2019) and Taylor (2022). Rather, he argues that had the new substantive holdings been previously available at the time of trial, sentencing, appeal, the result of the proceedings would have been different, which now would qualify as an ineffective assistance of counsel." ECF 254 at 11. Despite Petitioner's characterization, he does in fact seem to argue that his trial counsel was ineffective due to future holdings in *Davis* and *Taylor*.

– which he has failed to do.  466 U.S. 668, 687 (1984).  In each situation that Mr. Mansell contends his counsel was ineffective, he does not present any evidence or make any showing to suggest that his counsel's actions or inactions caused prejudice to his case.  As such, Mr. Mansell's ineffective assistance claims also fail.

### III.    Conclusion

For the reasons set forth, petitioner's motion will be denied.  And because Mr. Mansell has not made a substantial showing of a denial of any constitutional right, there is no basis to issue a certificate of appealability.  An appropriate order follows.

  s/ Gerald Austin McHugh<br>
United States District Judge